Grundy, Ch. J.
delivered the following opinion of the courtIn this case the plaintiff in this court had, on the 28th day of June 1803, executed to the defendant his single bill, under seal, for the payment of S 400, on the first day of October next ensuing the date of said writing. On this obligation suit was brought in the Pulaski circuit court, and the jury who were called to assess the damages upon a writ of inquiry found for the plaintiff ¾> 400, the debt in the declaration mentioned, and also one penny damages, besides his costs ; upon which ver-, diet the court entered judgment for the debt in the declaration mentioned, and also the legal interest on that sum from the time the same was due and payable, until the payment should be made. The single question for the decision of this court, is, "whether the court wrere jus-, tified by the verdict in entering such judgment ? This, court will observe, that the same reasons which influenced the decision in the case Littell vs. Hord (a), upon the question of interest there made, apply with equal force in this case ; for it evidently appears from the act pf assembly passed in 1799, that single bills were inten». *93 ded, as to interest, to be put upon the same footing with penal bonds; and upon such a finding of the jury on a writing of the latter description, it has always been the practice to find the verdict as in this case, and to enter up a similar judgment. And were the court to determine, as has been contended, that the jury should find the interest in damages, the consequence would be, that notwithstanding the legislature have declared that all debts founded on any specialty, bill, or note, in writing, ascertaining the demand, shall carry interest in the same manner as debts due on a bond or bill with a penalty, under seal; we should, in direct opposition to this legislative declaration, say that they should not carry interest in the same manner ; for were the jury to find the interest in damages, the creditor would lose all the interest accruing between the rendition of the verdict and the payment of the money, or at least until a replevy bond was given.-.Judgment affirmed.*

⅜) Ante, 81.

 The fame point was decided in the cafes oí Berry vs. Cunningham, and Blanton, &c. vs. Birney, fpring term, 1808*.